IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUMBERTO TRUJILLO, KATARZYNA NOGA, MARY BOYLE, AND ARTHUR BALDUCCI, | )<br>)<br>)<br>) |
| *Plaintiffs*, | ) No. 17 C 05343<br>) |
| v. | ) Hon. Judge Virginia M. Kendall<br>) |
| ROCKLEDGE FURNITURE LLC d/b/a ASHLEY FURNITURE HOMESTORE, | )<br>)<br>) |
| *Defendants*. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Humberto Trujillo ("Trujillo"), Katarzyna Noga, Mary Boyle and Arthur Balducci filed a two-count complaint against Defendant Rockledge Furniture LLC d/b/a Ashley Furniture Homestore ("Rockledge"), alleging they were discriminated due to their age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 to 624 (Count I) and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/2-102 (Count II). (Dkt. No. 24.) Pursuant to the Court's participation in the Mandatory Initial Discovery Pilot Project, Rockledge answered and also filed a Motion to Dismiss for failure to state a claim against Trujillo pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 26.) The motion to dismiss is granted and Plaintiff is given leave to file an amended complaint if possible. [26.]

## BACKGROUND

The following facts derive from the complaint and are accepted as true for the purposes of this motion. *See Olson v. Champaign County, Ill.*, 784 F.3d 1093, 1095 (7th Cir. 2015). Also accepted are facts and documents provided in the opposition to the motion to dismiss that are consistent with the pleadings. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

1

## I. Trujillo's Employment History with Rockledge

Trujillo worked for Rockledge in some form of management between 2007 and 2016.[1] (Dkt. No. 24, ¶¶ 13, 14.) The Defendant is registered with the Illinois Secretary of State as "Rockledge Furniture LLC," and is a subsidiary of Ashley Furniture Industries, Inc., both of which are located in Wisconsin. (*Id*. ¶¶ 4-5.) Rockledge is also registered in Illinois under the following assumed names: "Ashley Furniture Outlet," "Ashley Sleep," and "Ashley Furniture HomeStore – Rockledge." (*Id*. ¶ 5.) In 2015, Rockledge underwent a corporate reorganization that involved the hiring of new employees and reassigning or removing some of its existing employees at the management level. (*Id*. ¶¶ 10, 11.)

As a part of this reorganization, Trujillo alleges that Rockledge wanted to hire millennials and younger individuals for management-level positions "at the expense of older managers – regardless of how successful the older managers had been during their tenure at Ashley." (*Id*. ¶ 10.) Trujillo also alleges that he was improperly turned down for a promotion to Regional Manager within Rockledge as ineligible despite meeting the prerequisites listed in the job-posting and that Rockledge later removed the job description from its computer system. (*Id*. ¶ 33.) Trujillo learned of Rockledge's desire to hire younger managers at a December 2015 corporate meeting. (*Id*. ¶ 16.) The meeting included presentations by the President in charge of the Midwest market, the Executive Vice President of Retail Operations for the entire U.S. market, a hiring recruiter – with every one of their presentations emphasizing the need to hire younger people, (*Id*. ¶¶ 17, 18, 19.)

Around the same time, Rockledge transferred a young sales manager ("Sales Manager") to the same store where Trujillo served as the Store Manager. (*Id*. ¶ 23.) Trujillo alleges that

---

[1] The first amended complaint added three additional plaintiffs, but the motion to dismiss focuses solely on Humberto Trujillo and so the Court addresses the facts and allegations that relate solely to Trujillo.

from the onset of his supervision over the Sales Manager she routinely failed to perform her job responsibilities and failed to show up for work shifts. (*Id.* ¶¶ 24, 25, 28.) He also alleges that the Sales Manager communicated that "she didn't care if she lost her job," and that on at least one occasion she did not report to a meeting because she was drinking the night before. (*Id.* ¶¶ 25, 26.) Trujillo raised these issues with Rockledge's corporate management both verbally and in writing on more than one occasion. (*Id.* ¶¶ 25, 29.) Instead of a reprimand, the Sales Manager received a promotion from Rockledge and then resigned a few days later. (*Id.* ¶¶ 27,28.) Then, in March 2016, Rockledge's Human Resources office conducted a store audit of Trujillo's location resulting in his termination by Rockledge. (*Id.* ¶ 30.)

## II. Trujillo's Employment Discrimination Charge with EEOC

On March 16, 2016, Trujillo filed a charged of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which his counsel filed jointly with the Illinois Human Rights Commission ("IHRC"), and he received a Notice of a Right to Sue. (*Id.* ¶ 34.) The EEOC charge identified Trujillo's employer as "Ashley Furniture HomeStore," and listed the store address and phone number where Trujillo worked. (*Id.*, ¶ 34; Dkt. No. 30, at 2.) Instead of investigating the address or the number listed on the form provided by Trujillo, the EEOC forwarded the charge to a Texas-based company that is also a licensed franchisee of the Ashley Furniture HomeStore brand and, in June 2016, the Texas company responded saying that Trujillo was never an employee. (Dkt. No. 30, at 3.) Then, in April 2017, the EEOC contacted Trujillo's attorney and asked for more information about his employer, which resulted in the attorney sending in a copy of Trujillo's paystub and his mentioning to the EEOC that the employer was actually Rockledge. (*Id.*) In the interim, the other three Plaintiffs in this case properly filed employment discrimination charges with the EEOC and the IHRC against Rockledge. (*Id.*) Regardless of the new information, the EEOC dismissed Trujillo's charge on

April 21, 2017; indicating that the reason for doing so was that he was never an employee of the Texas-based Ashley Furniture HomeStore. (*Id.* at 3-4.)

Trujillo filed this suit asserting claims of employment discrimination and retaliation based on his age in violation of federal and state law. (Dkt. No. 24, ¶¶ 74, 85-86.) He seeks declaratory relief, as well as compensatory and punitive damages. (*Id.* at 16.)

## **STANDARD OF REVIEW**

Rule 12 (b)(6) requires dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). On a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all of the well-pled allegations in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Killingsworth v. HSBC Bank*, 507 F.3d 614, 619 (7th Cir. 2007). To state a claim upon which relief may be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true … state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotations omitted). In analyzing whether a complaint meets this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Id.* at 678. When the factual allegations are well pled, the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. See *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Yeftich v. Navistar*, 722 F.3d 911, 915 (7th Cir. 2013).

**DISCUSSION**

Rockledge argues for dismissal of Trujillo's ADEA claim for failure to exhaust his administrative remedies with the EEOC prior to filing this lawsuit. (Dkt. No. 26, ¶ 2.) In essence, Rockledge claims it was not named as a party to Trujillo's EEOC charge, which is required for an ADEA suit to proceed against a particular defendant. (Dkt. No. 27, at 5-6.) Furthermore, Rockledge argues that it does not fall within any of the exceptions to that requirement. (*Id*. at 6-7.) Since Trujillo never named Rockledge, he failed to exhaust his state agency remedies and he never received a Right to Sue letter from the Illinois Department of Human Rights ("IDHR"). (*Id*. at 7-8.)

**I. Trujillo's Failure to Exhaust the Administrative Remedies Under the ADEA**

*a. Failure to Name Rockledge*

Any individual seeking to file a lawsuit alleging an ADEA claim must first file a complaint with the EEOC and then wait sixty days from the filing date before bringing a civil action. 29 U.S.C. § 626(d)(1); *Husch v. Szabo Food Service Co.*, 851 F.2d 999, 1002 (7th Cir. 1988); *Flannery v. Recording Ind. Ass'n of America*, 354 F.3d 632, 637 (7th Cir. 2004) (requiring employee to file a charge with EEOC prior to filing lawsuit in court in ADA and ADEA disputes). Additionally, in states like Illinois that have their own employment discrimination laws, an individual must file first with the state agency or dual-file with the state agency and the EEOC before filing a civil action. 29 U.S.C. § 633(b); *Husch*, 851 F.2d at 1002. The time for filing with the EEOC is 300 days from the alleged discrimination. *Id*. The parties do not dispute whether Trujillo dual-filed a charge with the EEOC and with IDHR, and he alleges as much in the complaint. (Dkt. No. 1, ¶ 34; Dkt. No. 27, at 2.) The issue raised by Rockledge, however, is whether Trujillo named Rockledge in his EEOC charge.

In matters involving administrative review by the EEOC, a party not named in the charging document is not normally subject to subsequent civil suit. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 667 (7th Cir. 2013) (defendant in a Title VII lawsuit must be named as a party in the underlying EEOC charge); *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (ADEA suits are also subject to the requirement that the employer be named in the EEOC charging document). The purpose of this requirement is so that the employer has "some warning of the conduct about which the employee is aggrieved and affords the EEOC and the employer an opportunity to attempt conciliation without resort to the courts." *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005). Being that this matter is before the Court on a motion to dismiss, the Court construes Trujillo's facts as true and requires that he merely identify the type of discrimination, by whom, and when it occurred. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010) (outlining the pleading standard in employment discrimination cases).

Trujillo argues that he cured the EEOC charge one year after the original filing when his attorney sent one of Trujillo's paystubs to the EEOC and informed the Commission of the proper defendant by name. (Dkt. No. 30, at 7.) This, he argues, supports his claim that Rockledge was properly noticed thereby satisfying the exhaustion process required to bring this suit. (*Id*. at 8.) In support of his curative theory Trujillo cites two decisions by this Court where EEOC charges did not identify causes of action against a defendant, but where subsequent suits were permitted to proceed. *Johnson v. Bellwood Sch. Dist. 88*, 2016 WL 3476660 (N.D. Ill. 2016) (Kendall, J.); *Thompson v. Comm. Assistance Programs*, 2015 WL 5093784 (N.D. Ill. 2015) (Kendall, J.). Yet both of these cases are distinguishable based on the nature of what was omitted in the original EEOC charge.

In *Johnson*, the plaintiff did not identify his discrimination claim in the original EEOC charge, but this Court held that because the discrimination claim was reasonably related to the retaliation claim identified in the charge the plaintiff exhausted his administrative remedies. *Johnson*, 2016 WL 3476660, at *3. Similarly in *Thompson*, this Court found that the plaintiff exhausted her failure to accommodate claim by sending a supplemental email to the EEOC despite never having listed that claim in the original charge because courts may look to documents beyond the charging documents to determine applicable claims. *Thompson*, 2015 WL 5093784, at *3. Although both cases stand for the proposition that the exhaustion of administrative remedies need not rely solely on the "body of the charge," they differ from the current matter because the defendants in *Johnson* and *Thompson* both had notice and the ability to participate in voluntary conciliation. These cases do not apply because the issue is not about whether Trujillo raised particular claims; rather, the issue is whether Rockledge ever received the required notice of a charge of discrimination. *See Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989) ("[t]he purpose of the requirement of filing a charge before the EEOC is twofold. First, it serves to notify the charged party of the alleged violation. Second, it gives the EEOC an opportunity for conciliation, which effectuates Title VII's primary goal of securing voluntary compliance with its mandates." (citing *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 905 (7th Cir. 1981)). Even though Trujillo supplied additional information identifying Rockledge as the employer, the facts alleged in the complaint, and in Trujillo's reply to the motion to dismiss, do not plausibly indicate that Rockledge ever had actual notice of the charge.

It is undisputed that Rockledge was never named as a party in his EEOC charge. The named defendant in his EEOC filing was "Ashley Furniture HomeStore." (Dkt. No. 24, ¶ 34.)

As noted, Rockledge operates in Illinois as "Rockledge Furniture LLC" or – as registered with the Illinois Secretary of State – under its assumed names: "Ashley Furniture Outlet," "Ashley Sleep," or "Ashley Furniture HomeStore – *Rockledge*." (Dkt. No. 30, Ex. A) (emphasis added). Thus, although Trujillo listed a Rockledge-owned location by address and phone number on the EEOC charging document, he did not accurately identify Rockledge either by its registered actual or assumed names. Trujillo's admits as much by incorrectly identifying "Ashley Furniture HomeStore" as one of Rockledge's assumed names. (Dkt. No. 24, ¶ 34.) As a result of naming Ashley Furniture HomeStore, the EEOC investigation focused on a Texas-based company that also is a franchisee of Ashley Furniture products. (Dkt. No. 30, at 3.) It cannot be assumed that Rockledge had any knowledge of Trujillo's grievances especially since the entity he filed the grievance against informed the EEOC that he did not work there. Trujillo argues instead that Rockledge had notice of his EEOC charge, therefore resulting in an exception to the proper charging process, and so he should be able to proceed. (*Id*. at 10-12.)

    b. *Exceptions to Notice Do Not Apply*

There are exceptions to the requirement that a party be named in the EEOC charge in order for that party to be named in a subsequent civil action. *Eggleston*, 657 F.2d at 905. This occurs where it can be shown that an unnamed party in fact was provided with actual notice of the charge. *Id*. Trujillo argues that Rockledge knew or should have known of the underlying EEOC charge because the other three Plaintiffs properly named Rockledge in their respective EEOC charges in March 2017. (Dkt. No. 30, at 10-12.)

Trujillo cites as support for his position the *Eggleston* case where the court permitted the lawsuit to proceed against a defendant that was not named in the EEOC charge. *Id*. The reasoning in *Eggleston* does not apply here because here the Defendant had no affiliation with the incorrectly named defendant in the EEOC charge unlike in Eggleston where the unnamed

8

defendant had some affiliation or proximity to the party named in the EEOC charge. *Eggleston*, 657 F.2d 890, 906 (the unnamed union committee was part of the union named in the EEOC charge); *see also Liberales v. Cook County*, 709 F.2d 1122 (7th Cir. 1983) (unnamed heads of state entities were part of the named state entities in the EEOC charge); *Pauls v. Elaine Revell, Inc.*, 571 F.Supp. 1018 (N.D. Ill. 1983) (unnamed defendants were the president and chairman of the company named in the EEOC charge); *Garner v. Knoll Bros. Quick Marts, Inc.*, 962 F.Supp. 1115 (N.D. Ind. 1997) (unnamed entity was owned by the entity).

In the current matter, although Ashley Furniture HomeStore is almost identical to an assumed registered name for Rockledge in Illinois, the named entity that the EEOC pursued had no affiliation or connection to Rockledge. It is not as though the Texas-based company, when contacted by the EEOC to verify Trujillo's employment, was related to, a subsidiary of, or under working relationship with Rockledge. That the EEOC did not follow up on the information provided by Trujillo's former counsel, instead opting to dismiss the charge, is of no consequence to the fact that Rockledge was never contacted about Trujillo's EEOC charge. At the very least, information regarding notice of the charge by Rockledge is not readily identified in the complaint, or in any of the documents or responses related to it. Further, the fact that Rockledge received notice of EEOC charges filed by other individuals - over a year after Trujillo's charge - is neither persuasive nor is it supported with any case law suggesting that this qualifies as constructive notice.

At this point, it is too late for Trujillo to file a new charge with the EEOC. See 29 U.S.C. § 633(b) (a claimant has 300 days to file a charge with the EEOC from the date of the alleged discrimination). It is also too late to amend the charge because a Notice of Right to Sue issued, which generally terminates any further proceedings of any charge filed by an individual. See 29

C.F.R. § 1601.28(a)(3) (the "issuance of a notice of right to sue shall terminate further proceeding of any charge that is not a Commissioner charge …"). Given that the underlying purpose of the filing requirement is to provide the defendant with notice of a grievance against it, and a chance for reconciliation, Trujillo must do more in his amended complaint, if possible, to show how Rockledge knew or should have known of the EEOC charge in order to satisfy the exception to the general rule that the party must be a named defendant in the administrative proceeding. Otherwise, his only other option is to allege some other form of relief from enforcement of the statutory filing period for ADEA charges filed with the EEOC. *See, e.g., Chakonas v. City of Chicago*, 42 F.3d 1132, 1135 (7th Cir. 1994) (describing and applying theories of equitable relief in tolling the time to file a complaint with the EEOC under the ADEA).

## II. Trujillo's Failure to Exhaust Under the IHRA

As to Trujillo's state law claim under the IHRA, the Court need not address whether the issues of naming a proper defendant, or whether proper exhaustion of administrative remedies occurred at this time. That is because the state law claim is before the Court based on supplemental jurisdiction. 28 U.S.C. § 1367. Therefore, based on the dismissal of Trujillo's federal claim, his state claims should be dismissed as well. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). As Trujillo suggests in his response to the motion to dismiss, the dismissal is without prejudice and he has the option of filing an amended complaint on the state claim utilizing the Court's diversity jurisdiction. (Dkt. No. 30, at 14.)

## CONCLUSION

Accordingly, the motion to dismiss for failure to state a claim [26] is granted. Trujillo's ADEA claim (Count I) and his IHRA claim (Count II) are dismissed without prejudice.

Dated: January 22, 2018

_____
Hon, Virginia M. Kendall
United States District Judge